UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

---

JULIAN R. HOOD, JR.,

    Plaintiff,

v.                                                     Case No. 1:15-CV-436

UNITED STATES POSTAL SERVICE,         HON. GORDON J. QUIST
MEGAN J. BRENNAN, Postmaster General,
in her individual and professional capacity,
MICHIGAN POSTAL WORKER UNION,
WESTERN MICHIGAN AREA LOCAL
# 281, AMERICAN POSTAL WORKERS
UNION, AFL-CIO, WHEELER UPHAM, P.C.,
GLENN L. SMITH,

    Defendants.

_____/

## OPINION

This is one of many lawsuits filed by Plaintiff, Julian R. Hood, Jr., a former employee of the United States Postal Service (USPS) proceeding *pro se*. Hood, whose employment with the USPS terminated in April of 2004, has sued the USPS, Megan J. Brennan, Postmaster General, Maryl R. Rosen, an attorney for the USPS, Michigan Postal Worker Union, Western Michigan Area Local # 281, American Postal Workers Union, AFL-CIO, Wheeler Upham, P.C., and Glenn L. Smith.[1] In the introduction to his complaint, Hood states that he is alleging claims of: (1) conspiracy under 42 U.S.C. § 1985; (2) fraud by omission and nondisclosure; (3) common law conspiracy; (4) negligent infliction of emotional distress; and (5) intentional infliction of emotional distress. In contrast, Hood labels all three counts of his complaint as conspiracy under 42 U.S.C. § 1985. Count I purports to allege a conspiracy between the USPS and Michigan Postal Workers Union Area Local

---

[1] Erroneously identified as Gleen L. Smith in the caption of the complaint.

# 281 "to commit fraud upon . . . ["Hood"] through misrepresentation in order to deprive him of his property." (Dkt. # 1 at Page ID#12.)  Count 2, in spite of its label as a claim for conspiracy under 42 U.S.C. § 1985, actually alleges that the American Postal Workers Union breached its duty of fair representation to Hood. (*Id.* at Page ID#16.)  Similarly, although labeled as a conspiracy claim under 42 U.S.C. § 1985, Count 3 alleges claims against Defendants Wheeler Upham, P.C. and Glenn L. Smith for legal malpractice and fraud and claims against Maryl R. Rosen for malicious prosecution and abuse of process. (*Id.* at Page ID##16–19.)

On May 5, 2015, the magistrate judge issued an order granting Hood leave to proceed *in forma pauperis*.  Pursuant to 28 U.S.C. § 1915(e)(2), the Court is required to dismiss any action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief.  28 U.S.C. § 1915(e)(2); *see also Benson v. O'Brian*, 179 F.3d 1014, 1016 (6th Cir. 1999) (holding that "§ 1915(e)(2) applies only to in forma pauperis proceedings").  Although the statute of limitations is an affirmative defense, courts have held that a complaint may be dismissed *sua sponte* under § 1915 if the statute of limitations defense is obvious from the face of the complaint and no development of the factual record is required to establish it.  *See Fogle v. Pierson*, 435 F.3d 1252, 1258 (10th Cir. 2006); *Erline Co. S.A. v. Johnson*, 440 F.3d 648 (4th Cir. 2006) (noting that "in evaluating a complaint filed in forma pauperis pursuant to § 1915, a district court may consider a statute of limitations defense *sua sponte* when the face of the complaint plainly reveals the existence of such defense"). Based on its review of Hood's complaint, the Court concludes that the complaint plainly shows that Hood's claims are untimely and that dismissal of Hood's complaint with prejudice is required.

The statute of limitations for claims under 42 U.S.C. § 1985 asserted in Michigan is three years. *Ziegler v. Michigan*, No. 99-2126, 2000 WL 1434496 (6th Cir. Sept. 18, 2000). As the Court noted in a previous Opinion in another case filed by Hood, *Hood v. United States Postal Service, et al.*, No. 1:15-CV-435 (W.D. Mich.) (dkt. # 7 at Page ID#38), a breach of contract/breach of fair representation suit is subject to a six-month statute of limitations. The statute of limitations for legal malpractice in Michigan is generally two years from the date of the accrual of the claim. M.C.L. § 600.5805(6). A "legal malpractice action accrues on the last day of [the] attorney's professional service in the underlying . . . matter out of which the negligence arose." *Gebhardt v. O'Rourke*, 444 Mich. 535, 554, 510 N.W.2d 900, 908 (1994). The statute of limitations for malicious prosecution claims is two years, M.C.L. § 600.5805(5), and the statute of limitations for abuse of process claims and intentional and negligent infliction of emotional distress claims is three years. M.C.L. § 600.5805(10); *see also Howard v. Trott & Trott, PC*, No. 304457, 2012 WL 3966274, at *4 (Mich. Ct. App. Sept. 11, 2012) (per curiam); *Christopoulos v. Socall*, No. 277611, 2008 WL 2220589, at *3 (Mich. Ct. App. May 29, 2008) (per curiam). The statute of limitations for fraud claims is six years. M.C.L. § 600.5813. Finally, the statute of limitations for conspiracy claims depends on the underlying conduct. *Terlecki v. Stewart*, 278 Mich. App. 644, 653, 754 N.W.2d 899, 906 (2008). Because Hood is alleging conspiracy to commit fraud, the limitations period for the conspiracy claim is six years. *See McCormick v. Hanover Grp., Inc.*, No. 302011, 2012 WL 1697157, at *5 (Mich. Ct. App. May 15, 2012) (per curiam).

In his complaint, Hood alleges a number of acts, the last of which occurred on August 21, 2008. However, Hood's fraud claims appear to be based on events that occurred prior to his termination on April 21, 2004. Regardless, even if the August 21, 2008 date is considered the last date of accrual of any of his claims, all of his claims were filed well beyond the applicable

3

limitations periods.  Moreover, the Court discerns no factual basis in Hood's complaint to support application of equitable tolling principles.  Accordingly, Hood's claims are time-barred.

Finally, in addition to being time-barred, Hood's conspiracy claims are not pled with the requisite factual specificity required to support a conspiracy claim.  *See Perry v. Southeastern Boll Weevil Eradication Found.*, 154 F. App'x 467, 477 (6th Cir. 2005).  Hood simply alleges a series of events he alleges caused him injury, without alleging "when, where, or how the defendants conspired" to harm him.  *Id.*  Thus, Hood's claims are subject to dismissal for this additional reason.

An Order consistent with this Opinion will be entered.


Dated:  May 28, 2015                                         /s/ Gordon J. Quist
                                                          GORDON J. QUIST
                                                    UNITED STATES DISTRICT JUDGE